

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2007

# Dhanakwala v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1575

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Dhanakwala v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1125.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1125

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 06-1575 and 06-1576

IMRAN DHANAKWALA,

Petitioner in No. 06-1575

v.

ATTORNEY GENERAL OF THE UNITED STATES

HAJIASHRAF DHANAKWALA,

Petitioner in No. 06-1576

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review from an Order of the
Board of Immigration Appeals
(D.C. No. 0312-2: A97-434-254;
D.C. No. 0312-2: A97-434-256)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2007

BEFORE: SMITH and  COWEN, Circuit Judges

and YOHN*, <u>District Judge</u>

(Filed:  May 9, 2007)

———————

OPINION

———————

COWEN, <u>Circuit Judge</u>.

Hajiashraf Dhanakwala and Imran Dhanakwala, natives and citizens of India, petition for review of orders of the Board of Immigration Appeals ("BIA"), affirming an Immigration Judge's ("IJ") denial of their applications for withholding of removal pursuant to the Immigration and Nationality Act ("INA") and protection under the Convention Against Torture ("CAT").  For the reasons stated below, we will deny their petitions for review.

I.

Because we write only for the parties, we will recite only those facts helpful to our brief discussion.  Hajiashraf Dhanakwala entered the United States on or about May 10, 2002, as a non-immigrant visitor with authorization to stay until November 9, 2002.  On June 26, 2003, the Department of Homeland Security issued a Notice to Appear charging him with remaining in the United States for a time longer than permitted.  Subsequently,

———————

*Honorable William H. Yohn Jr., Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2

Mr. H. Dhanakwala submitted an application for withholding of removal and protection under CAT.

At a merits hearing held on September 20, 2004, Mr. H. Dhanakwala admitted the charges against him and offered testimony and documentary evidence in support of his application for relief. He testified that while in India, he was a practicing Muslim and participated in three rallies to protest the destruction of a mosque. During the rallies, Indian police beat some of the demonstrators with sticks, causing Mr. H. Dhanakwala to fear for his own safety. He testified that after the last rally, the Indian police harassed him at his home and visited him at his shop several times. He further testified that the Indian police demanded that he provide information about his son, required him to close his shop to come to the police station, threatened to arrest him, and extorted money from him. He conceded, however, that the police never formally arrested, detained, or beat him.

At the conclusion of the merits hearing, the IJ denied Mr. H. Dhanakwala's application for withholding of removal and protection under CAT, and ordered him removed to India. The IJ reasoned that even assuming the truthfulness of his testimony, Mr. H. Dhanakwala failed to meet his burden of establishing a clear probability that his life or freedom would be threatened on any of the statutorily enumerated grounds if he returned to India, and made no showing that he was likely to be tortured upon his return. The Board adopted and affirmed the IJ's decision, and this petition for review ensued.

II.

Imran Dhanakwala, Mr. H. Dhanakwala's nephew, entered the United States without inspection on or about June 23, 2001. On June 26, 2003, the Department of Homeland Security issued a Notice to Appear charging him with being present in the United States without having been admitted or paroled. Subsequently, Mr. I. Dhanakwala submitted an application for withholding of removal and protection under CAT.

At a merits hearing held on September 20, 2004, Mr. I. Dhanakwala admitted the charges against him and presented testimony and documentary evidence in support of his application for relief. Like his uncle, he testified that he was a practicing Muslim and participated in rallies in India to protest the destruction of a mosque. He testified that following the last rally, the Indian police visited his home on numerous occasions for a two-month period, and that he stayed in hiding during that time. He claimed that he was one of the people the police were attempting to arrest. Like his uncle, however, Mr. I. Dhanakwala admitted that he was never arrested, detained or beaten by the Indian police.

After hearing the testimony and considering the documentary evidence, the IJ denied Mr. I. Dhanakwala's application for withholding of removal and protection under CAT, and ordered him removed to India. As in the related case, the IJ reasoned that even assuming the truthfulness of his testimony, Mr. I. Dhanakwala failed to meet his burden of establishing a clear probability that his life or freedom would be threatened on any of the statutorily enumerated grounds if he returned to India, and made no showing that he was likely to be tortured upon his return. The Board adopted and affirmed the IJ's decision, and this petition for review ensued.

4

III.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Where, as here, the BIA adopts the decision of the Immigration Judge, we review the decision of the Immigration Judge. *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002). The factual findings of the Immigration Judge are deemed conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992).

IV.

A.

Petitioners make essentially four arguments on appeal. First, they argue that to demonstrate relief under CAT, they need only show the government's awareness of the torture inflicted on them by non-governmental actors, not the government's actual knowledge, or willful acceptance, of the torture. *See Zheng v. Ashcroft*, 332 F.3d 1186 (3d Cir. 2003). They devote no less than five pages to this argument in their respective briefs, citing legislative history and about half of a dozen cases, and alleging that "the government of *Columbia* is unable or unwilling to protect its citizens from threats made by these powerful and unlawful *gangs* . . . ." (emphasis added). This entire argument is wholly irrelevant to the instant petitioners' claims of persecution based upon torture by police officials in India.

B.

Closer to the mark, but equally unavailing, is petitioners' second argument.  In support of their claims for withholding of removal and CAT protection, petitioners argue that the conduct to which they were subjected in India rises to the level of persecution and/or torture.

In order to be entitled to withholding of removal, an applicant must "demonstrate[] a 'clear probability' that, upon return to his or her home country, his or her 'life or freedom would be threatened' on account of race, religion, nationality, membership in a particular social group, or political opinion." *Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir. 2004).  "Persecution" includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993).  The concept of "persecution" denotes "extreme conduct" that does not include every sort of treatment our society regards as offensive, unfair, unjust, or even unlawful or unconstitutional. *Id*. at 1240 & n.10, 1243.

In *Li v. Attorney General*, 400 F.3d 157, 164 (3d Cir. 2005), we opined that "[t]hreats standing alone . . . constitute persecution in only a small category of cases." *Id*. (citation and internal quotation marks omitted).  We held that "unfulfilled threats must be of a highly imminent and menacing nature in order to constitute persecution." *Id*.  On the issue of economic harm, we said in *Li* that "the deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom" may constitute persecution. *Id*. at 168.  We gave as examples "the deprivation of liberty, food, housing, employment, and other essentials of life." *Id*. (citation and internal quotation marks omitted).

To qualify for protection under CAT, an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Torture is defined, in relevant part, as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person." *Id*. § 208.18(a)(1).

Applying these principles, we conclude that substantial evidence supports the IJ's conclusions that the petitioners failed to establish a likelihood of persecution or torture if returned to India. Although petitioners assert that they received "credible threats against [their] li[ves]," there is nothing in the record to support their bald assertion. The record is also devoid of any facts tending to show that the police's threats to arrest Mr. H. Dhanakwala were of a "highly imminent and menacing nature." *Li*, 400 F.3d at 164. Similarly, the record does not demonstrate that the Indian police's extortion of money from Mr. H. Dhanakwala or the police's demand that he close his shop for several hours imposed a "severe economic disadvantage which threaten[ed] [his] life or freedom." *Id*. at 168. Finally, none of the other police conduct described by petitioners rises to the level of persecution or torture. *Cf. Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005) (holding that alleged persecutors' forced entry into home and store was not sufficiently severe to constitute persecution).

## C.

Petitioners' third argument is that the country reports in the record demonstrate that there is a pattern or practice of persecution by the government in India. An applicant

can qualify for withholding of removal by showing that he or she has suffered past persecution, or that it is "more likely than not that he or she would be persecuted" either by being singled out individually or because of the existence of a "pattern or practice of persecution of a group of persons similarly situated." 8 C.F.R. § 208.16(b)(1), (2). We have said that "to constitute a 'pattern or practice,' the persecution of the group must be systemic, pervasive, or organized." *Lie*, 396 F.3d at 537 (citation omitted). Here, petitioners fail to point to any specific information in the four country reports in the record showing systemic and pervasive persecution of a group of persons similarly situated to them. Certainly, we cannot conclude that the reports compel the conclusion that petitioners' lives or freedom would be persecuted if returned to India, or that it is more likely than not they will be tortured if returned there.

D.

Fourth, and finally, petitioners make a rather lengthy argument that the BIA erred in affirming the IJ's decision "without specifying what additional documentary evidence would be needed." Citing to *Abdulai v. Ashcroft*, 239 F.3d 542 (2001), they maintain that we should remand this case so that the Board is given an opportunity to identify the inadequacies or missing elements of petitioners' claims which require additional corroborating evidence. Their argument is misplaced. Neither the IJ in denying their claims, nor the BIA in affirming and adopting the IJ's decisions, rested on any failure on the part of petitioners to provide corroborating evidence. Rather, the IJ concluded, and

8

the BIA affirmed, that the incidents that petitioners described did not rise to the level of persecution or torture. We find no error in the IJ's evaluation of petitioners' evidence.

In summary, we conclude that the evidence in the record is insufficient to compel any reasonable adjudicator to conclude that there is a clear probability that petitioners' lives or freedom would be threatened on account of a protected ground if returned to India, or that it is more likely than not they will be tortured if returned there. For the foregoing reasons, the petitions for review will be denied.

_____